IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| DAMIEN BURDETTE, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| MAURICE'S TOWING, LLC, | : | |
| and MAURICE BENNETT, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Damien Burdette ("Burdette") brings this Complaint against Defendants Maurice's Towing, LLC ("Maurice's Towing") and Maurice Bennett ("Bennett") and shows the Court as follows:

**A. Introduction**

1.

This is wage and hour case. Burdette is a former employee of Defendants. He brings this action because Defendants' misclassified him as an independent contractor instead of an employee. Defendants then failed to pay Burdette at or above the minimum wage for each hour he worked and further failed to compensate him at one-and-one half times his regular rate for all work performed

over forty (40) hours during each work week of his employment in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

### B. Jurisdiction and Venue

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Middle District of Georgia under 28 U.S.C. § 1391 because Maurice's Towing is located in Morgan County, Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

### C. The Parties

4.

Burdette resides in Henry County, Georgia.

5.

Maurice's Towing employed Burdette as a tow truck driver in and around Atlanta, Georgia from May 10, 2016 through December 14, 2016 (hereafter "the Relevant Time Period").

6.

At all times material hereto, Burdette has been an "employee" of Maurice's Towing as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

Maurice's Towing is a for profit limited liability company organized under the laws of the State of Georgia.

8.

At all times material hereto, Maurice's Towing was an "employer" of Burdette as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

Maurice's Towing is subject to the personal jurisdiction of this Court.

10.

Maurice's Towing may be served with process through its registered agent Maurice Bennett, 5991 Atlanta Highway, Rutledge, Georgia 30663.

11.

At all times material hereto, Burdette has been an "employee" of Bennett as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

12.

Bennett resides in Morgan County, Georgia.

13.

At all times material hereto, Bennett was an "employer" of Burdette as defined in FLSA § 3(d), 29 U.S.C. §203(d).

14.

Bennett is subject to the personal jurisdiction of this Court.

15.

Bennett may be served with process at his residence located at 3881 Bostwick Road, Madison, Georgia 30650 or wherever he may be located.

**D.     Enterprise Coverage:**

16.

At all times during the Relevant Time Period, Maurice's Towing was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

17.

Specifically, at all times material hereto, Maurice's Towing employed two or more persons who regularly provided towing services for disabled or abandoned vehicles on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

18.

During 2016, Maurice's Towing had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During the relevant Period, Burdette and other employees of Maurice's Towing handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Maurice's Towing including trucks, gasoline, engine oil, uniforms, and cellular phones.

20.

During 2016, Maurice's Towing had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2016, Maurice's Towing had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

At all times during the Relevant Time Period, Maurice's Towing has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

### E. Statutory Employer

23.

At all times during the Relevant Time Period, Bennett exercised operational control over the Burdette's work activities.

24.

At all times during the Relevant Time Period, Bennett was involved in the day to day operation of the Maurice's Towing in which Burdette worked.

25.

At all times during the Relevant Time Period, Maurice's Towing vested Bennett with supervisory authority over Burdette.

26.

At all times during the Relevant Time Period, Bennett exercised supervisory authority over Burdette.

27.

At all times during the Relevant Time Period, Bennett scheduled Burdette's working hours or supervised the scheduling of Burdette's working hours.

28.

At all times during the Relevant Time Period, Bennett exercised authority and supervision over Burdette's compensation.

## F. Lack of Exemption

29.

At all times material hereto, Burdette was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

30.

At all times during the Relevant Time Period, Burdette was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

31.

At all times during the Relevant Time Period, Maurice's Towing did not employ Burdette in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

32.

At all times during the Relevant Time Period, Maurice's Towing did not employ Burdette in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

33.

At all times during the Relevant Time Period, Maurice's Towing did not employ Burdette in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

34.

At all times during the Relevant Time Period, Burdette did not supervise two or more employees.

35.

At all times during the Relevant Time Period, Maurice's Towing did not employ Burdette in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

36.

At all times material hereto, Burdette was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

37.

At all times material hereto, Burdette's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

38.

At all times material hereto, Burdette operated flatbed tow trucks in his performance of work on behalf of Defendants.

39.

During all times material hereto, Burdette did not operate trucks with a gross vehicle weight rating (GVWR) greater than 10,000 pounds.

40.

At all times material hereto, Maurice's Towing was not an operator within the purview of the Motor Carrier Act (49 U.S.C.A. § 3102).

41.

At all times material hereto, Burdette did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

42.

At all times material hereto, each Burdette never left the State of Georgia to tow any vehicles.

43.

At all times during the Relevant Time Period, Defendants compensated Burdette solely on the basis of commission.

44.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Plaintiff at a rate of no less than $7.25 per hour for every hour worked in a work week.

45.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendants compensate Burdette at a rate of one and one half times his regular rate for all time worked in excess of forty (40) hours in a work week.

46.

Defendants knew or should have known that the Section 6 of the FLSA requires that Defendants compensate Burdette at a rate of at least $7.25 per hour for every hour worked in a work week.

47.

During the Relevant Period, Defendants willfully failed to compensate Burdette at a rate of $7.25 per hour for each hour he worked because he worked sufficient hours that his regular rate (commissions earned / hours work) fell below the required minimum.

48.

Defendants knew or should have known that the Burdette was entitled to the FLSA overtime protections.

49.

Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Burdette a premium for all time worked in excess of forty hours in a given workweek.

50.

At all times during the Relevant Time Period, Burdette regularly worked more than forty (40) hours in a given workweek.

51.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

52.

29 C.F.R. § 778.118 requires that the regular hourly rate be determined by dividing sum total of the commission earned and other earnings by the total hours worked.

53.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty (40) hours per week.

54.

During the Relevant Period, Defendants failed to calculate a regular rate for Burdette by dividing the sum total of the commission he earned and other earnings by the total hours worked.

55.

At all times material hereto, the work performed by Burdette was integral to Maurice's Towing's business purpose (*i.e.*, a towing company).

56.

At all times material hereto, Burdette did not invest in Maurice's Towing's business such that they shared any significant risk of loss.

57.

At all times material hereto, Burdette did not utilize any special skills in the course of his work for Maurice's Towing.

58.

At all times material hereto, Maurice's Towing did not require any formal training, degree, or certificate (other than a driver's license) to allow Burdette to operate its vehicles or perform its business purpose.

59.

At all times material hereto, Burdette did not exercise independent business judgment in the course of his work for Maurice's Towing.

60.

At all times material hereto, Burdette did not possess a commercial driver's license.

61.

At all times material hereto, Maurice's Towing exercised significant, if not total control over the amount of Burdette' pay.

62.

At all times material hereto, Maurice's Towing exercised significant, if not total control over Burdette's work hours.

63.

At all times material hereto, Maurice's Towing exercised significant control over how Burdette's work was performed.

64.

At all times material hereto, Burdette did not solicit towing customers.

65.

At all times material hereto all of Burdette's working efforts were directed at serving Defendants' customers.

66.

During the Relevant Time Period, Defendants provided Burdette with all tools, equipment and other materials necessary for Burdette to perform his job as a tow truck driver, including the tow trucks.

67.

At all times during the Relevant Time Period, Defendants classified Burdette as an independent contractor.

68.

Defendants issued Burdette an IRS Form 1099-MISC reflecting the amounts paid to Plaintiff for the year 2016.

69.

At all times relevant hereto, Maurice's Towing misclassified Burdette as an independent contractor.

70.

At all times relevant hereto, Maurice's Towing willfully misclassified Burdette as an independent contractor.

71.

At all times material hereto, as a matter of economic reality Burdette was an Defendants' employee and not an independent contractor.

72.

During the Relevant Period, Defendants failed to pay Burdette at one-and-one-half times this regular rate for time worked in excess of forty (40) hours in any and all workweeks.

### COUNT I — FAILURE TO PAY MINIMUM WAGE

73.

The allegations in paragraphs 1 through 72 are incorporated by reference as if fully set out in this paragraph.

74.

At all times material hereto, Burdette has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

75.

From on or about May 10, 2016 through December 14, 2016, Defendants failed to compensate Burdette at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

76.

From on or about May 10, 2016 through December 14, 2016, Defendants willfully failed to compensate Burdette at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

77.

Burdette is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of minimum wages as alleged above, Burdette is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

79.

As a result of the underpayment of minimum wages, Defendants are liable to Burdette for his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II - FAILURE TO PAY OVERTIME

80.

The allegations in paragraphs 1 through 79 are incorporated by reference as if fully set out in this paragraph.

81.

At all times during the Relevant Time Period, Burdette has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

82.

At all times during the Relevant Time Period, Burdette regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

83.

At all times during the Relevant Time Period, Defendants failed to pay Burdette at one and one half times his regular rate for time worked in excess of forty (40) hours in each work week from May 10, 2016 through December 14, 2016.

84.

Defendants willfully failed to pay Burdette at one and one half times his regular rate for work in excess of forty (40) hours in any week from May 10, 2016 through December 14, 2016 as a result of misclassifying him as an independent contractor.

85.

Burdette is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

86.

As a result of the underpayment of overtime compensation as alleged above, Burdette is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

87.

As a result of the underpayment of overtime compensation as alleged above, Burdette is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Burdette respectfully prays:

1. That Plaintiff be awarded an amount to be determined at trial against Defendants jointly and severally, in unpaid minimum wage, plus an additional like amount in liquidated damages;
2. That he be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally, plus an additional like amount in liquidated damages;
3. That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants, jointly and severally; and
4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                      ***DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC***

3100 CENTENNIAL TOWER  
101 MARIETTA STREET           */s/CHARLES R. BRIDGERS*  
ATLANTA, GEORGIA 30303     CHARLES R. BRIDGERS  
(404) 979-3150                    GA. BAR NO. 080791  
(404) 979-3170 (f)  
kevin.fitzpatrick@dcbflegal.com    */s/ KEVIN D. FITZPATRICK, JR.*  
charlesbridgers@dcbflegal.com     KEVIN D. FITZPATRICK, JR.  
                                      GA. BAR NO. 262375

                                       **COUNSEL FOR PLAINTIFF**